# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES R. WOODWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-2254-SAC ) |
| FREEDOM STORES, INC. *d/b/a* FREEDOM FURNITURE & ELECTRONICS, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court upon Plaintiff James Woodward's Motion for Leave to File Amended Complaint (ECF No. 20). For the following reasons, the Court hereby grants Mr. Woodward's Motion.

### I.     Background

Plaintiff originally brought this action in state court against Defendant Freedom Stores, Inc. ("Freedom Stores"), *d/b/a* Freedom Furniture & Electronics, alleging that it violated the Kansas Consumer Protection Act. This case was subsequently removed to federal court and, thereafter, the Court entered a scheduling order governing this case. As a part of the scheduling order, any motion for leave to join additional parties or to otherwise amend the pleadings was to be filed by September 30, 2013. After Mr. Woodward received Freedom Stores' initial disclosures, he timely filed the present Motion on August 7, 2013.

### II.    Discussion

Fed. R. Civ. P. 15 governs the procedure for a party to amend its pleading. At this juncture of the case, Mr. Woodward may only amend his complaint by consent of the opposing

party or by leave of the court.[1] Fed. R. Civ. P. 15(a)(2) requires the court to "freely give leave when justice so requires." The Supreme Court has held that "this mandate is to be heeded."[2] The purpose of Rule 15(a) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[3] A court, however, may refuse to grant leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4]

In this case, Mr. Woodward seeks leave to amend his complaint to add Freedom Acceptance Corporation ("Freedom Acceptance") and to clarify his allegations and claims. Freedom Stores agrees to substitute Freedom Acceptance for Freedom Stores but opposes any amended complaint that keeps Freedom Stores in this action. Mr. Woodward's Motion, however, seeks to amend the complaint to add Freedom Acceptance in addition to the current Defendant, Freedom Stores.

Mr. Woodward argues that Freedom Acceptance should be added because he has reason to believe that: a) Freedom Stores retains some oversight or supervision of the collection of his account with Freedom Stores; b) Freedom Stores and Freedom Acceptance share employees, or have employees that perform duties for both entities; c) Freedom Stores and Freedom Acceptance may be under common control or ownership; d) Freedom Stores and Freedom Acceptance have interrelated or intermingling duties with respect to the collection of accounts;

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[4] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

and e) Freedom Stores and Freedom Acceptance use ambiguous names in both written and oral communications to obscure the identity of the party engaging in a particular activity.[5] Freedom Stores opposes the Motion because Mr. Woodward did not allege any of the aforementioned reasons in his proposed amended complaint. Rather, Freedom Stores argues that the amended complaint contains conclusory assertions that the alleged conduct was undertaken by Freedom Stores "and/or" Freedom Acceptance. Freedom Stores also argues that Mr. Woodward failed to allege that Freedom Acceptance was an agent of Freedom Stores or that the two entities were somehow alter egos of one another.

After considering Freedom Stores' arguments and the parties' briefs on this matter the Court finds that leave should be granted. Freedom Stores does not show any undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. Rather, Freedom Stores' arguments focus on the sufficiency of Mr. Woodward's allegations against Freedom Stores and Freedom Acceptance. Such arguments would be better suited on a dispositive motion, rather than on the present Motion where leave is freely given. Therefore, because Freedom Stores failed to make the proper showing, the Court finds it just to grant Mr. Woodward's Motion for Leave.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff James Woodward's Motion for Leave to File Amended Complaint (ECF No. 20) is hereby granted. Plaintiff shall file his amended complaint within seven (7) days from the date of this Order.

---

[5] Pl.'s Mot. for Leave to File Am. Compl. at ¶ 11, ECF No. 20.

**IT IS SO ORDERED.**

Dated this 23rd day of September, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge